■ KEYSPAN GAS EAST CORPORATION, Doing Business as KEYSPAN ENERGY DELIVERY LONG ISLAND, Plaintiff, v SUPERVISOR OF TOWN OF OYSTER BAY et al., Defendants. SYOSSET SANITATION DISTRICT, Defendant/Third-Party Plaintiff-Respondent, and GLENWOOD-GLEN HEAD GARBAGE DISTRICT, Defendant/Second Third-Party Plaintiff-Respondent. COUNTY OF NASSAU et al., Third-Party Defendants/Second Third-Party Defendants-Appellants. [982 NYS2d 496]—

In an action, inter alia, for a judgment declaring that the imposition of special ad valorem taxes for garbage and refuse collection services against certain "mass" property owned by the plaintiff is illegal and void, the third-party defendants/second third-party defendants appeal from an order of the Supreme Court, Nassau County (Phelan, J.), entered August 27, 2012, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint and the second third-party complaint.

Ordered that the order is affirmed, with costs.

Keyspan Gas East Corporation, doing business as Keyspan Energy Delivery Long Island (hereinafter Keyspan), commenced this action against, among others, the Supervisor of the Town of Oyster Bay, the Town of Oyster Bay, and various special districts within the Town of Oyster Bay (hereinafter collectively the Town defendants) seeking refunds of tax payments made in connection with certain special ad valorem levies for garbage and refuse collection services. Two of the special districts, the Syosset Sanitation District and the Glenwood-Glen Head Garbage District (hereinafter together the special districts), commenced third-party and second third-party actions, respectively, against the County of Nassau and the Nassau County Board of Assessors (hereinafter together the County entities) claiming that, pursuant to former Nassau County Administrative Code (hereinafter NCAC) § 6-26.0 (b) (3) (c), popularly known as "the County Guaranty," they were entitled to

indemnification by the County entities for any sums which the special districts were liable to pay Keyspan for refunds with respect to the challenged special ad valorem levies. The County entities moved pursuant to CPLR 3211 (a) (7) to dismiss the special districts' third-party and second third-party complaints. The Supreme Court denied the County entities' motion, and the County entities appeal.

Contrary to the contention of the County entities, we have previously determined that the County Guaranty applies to refunds of tax payments made in connection with special ad valorem levies (*see Keyspan Generation, LLC v Nassau County*, 115 AD3d 812 [2014] [decided herewith]; *New York Tel. Co. v Supervisor of Town of N. Hempstead*, 77 AD3d 121, 122, 131-132 [2010]). The County entities argue that even if they are liable for the refunds pursuant to the County Guaranty, pursuant to former NCAC § 6-26.0 (b) (3) (a)-(b), they may charge the refunds back to the special districts in the following tax year. This argument, however, is at odds with our holding that the County Guaranty applies to refunds of tax payments made in connection with special ad valorem levies. Accordingly, special ad valorem levies are not "assessments for benefit" within the meaning of former NCAC § 6-26.0 (b) (3) (a)-(b) and, thus, they cannot be charged back to the special districts in the following tax year. Since the third-party complaint and second third-party complaint state cognizable causes of action, the Supreme Court properly denied the County entities' motion pursuant to CPLR 3211 (a) (7) to dismiss those pleadings.

---

Motion by the defendant/third-party plaintiff-respondent and the defendant/second third-party plaintiff-respondent on an appeal from an order of the Supreme Court, Nassau County, entered August 27, 2012, to strike section III of the brief of the third-party defendants/second third-party defendants-appellants on the ground that it raises an issue not properly before this Court. By decision and order on motion of this Court dated July 29, 2013, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers submitted in support of and in opposition to the motion, and upon the argument of the appeal, it is

Ordered that the motion is denied. Mastro, J.P., Dillon, Leventhal and Duffy, JJ., concur.